UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6776-RAO    Date: November 23, 2026
Title: Akhmed Bekhoev v. Thomas Guiles et al.

---

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART AND DENYING AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

1. Introduction

Petitioner, a citizen of Russia and currently in immigration custody and represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on November 11, 2026. Dkt. No. 1 ("Pet."). The Petition challenges the imposition of a GPS monitoring and geographic restrictions on Petitioner; Petitioner's re-detention after this Court ordered his release in a prior habeas action; his arrest and detention without a warrant; and his prolonged detention. Respondents filed their Answer on November 19, 2026. Dkt. No. 9. Petitioner filed his Reply on November 23, 2026. Dkt. No. 10.

2. Pertinent Procedural and Factual Background

Petitioner previously filed a habeas action in this Court. *See* Case No. 5:26-cv-00206-RAO (C.D. Cal. Jan. 16, 2026) ("*Bekhoev I*")). On April 28, 2026, the Court granted the petition in part and ordered Petitioner's immediate release. *Id.*, Dkt. No. 25. Respondents released Petitioner the same date. *Id.*, Dkt. No. 27. The Court's order enjoined Respondents from re-detaining Petitioner in a manner inconsistent with their regulations, the Constitution, and the laws of the United States. *Id.* On May 4, 2026, Respondents re-detained Petitioner. Pet. at 11. At the time of his re-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6776-RAO Date: November 23, 2026
Title: Akhmed Bekhoev v. Thomas Guiles et al.

detention, Respondents served Petitioner with a notice of termination of his parole and an administrative warrant for arrest. *Id.*

After being re-detained by immigration authorities in May 2026, Petitioner filed a series of ex parte applications for temporary restraining order in *Bekhoev I*, seeking Petitioner's immediate release ("TRO applications"). *Id.*, Dkt. Nos. 28, 30, 37, 42. The TRO applications contended that Petitioner's re-detention violated the Court's order enjoining Respondents from taking Petitioner into custody in a manner inconsistent with the Constitution or the laws of the United States. *Id.* On September 1, 2026, the Court denied Petitioner's TRO applications. *Id.*, Dkt. No. 43. The Court's order found that the factual record did not support Petitioner's contention that he was re-detained without advance notice. The Court pointed to the notice of termination of parole dated May 4, 2026, notifying Petitioner of his parole termination. *Id.* The Court also noted that, along with the notice of termination, immigration authorities served Petitioner with an administrative warrant for arrest. *Id.* Petitioner appealed the Court's order denying his TRO applications to the Ninth Circuit. *Id.*, Dkt. No. 45. That appeal remains pending.

3. <u>Discussion</u>

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Regarding Petitioner's first claim – that the imposition of GPS monitoring and geographic restrictions violates his due process rights – the Court finds this claim is moot in light of Petitioner's re-detention in May 2026, and, accordingly, denies it.

Turning to Petitioner's second and third claims – that Petitioner's re-detention without a pre-deprivation hearing violated his constitutional rights, the Court concludes that this challenge is currently pending on appeal before the Ninth Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6776-RAO Date: November 23, 2026
Title: Akhmed Bekhoev v. Thomas Guiles et al.

and therefore the Court lacks jurisdiction to adjudicate this claim. Thus, the Court dismisses these claims for lack of jurisdiction.

As to Petitioner's last claim, that his detention has become prolonged, the Court grants the claim and will order that Respondents provide Petitioner a bond hearing. Petitioner's detention has exceeded six months, and thus he is entitled to a *Rodriguez* bond hearing.[1] Respondents acknowledge Petitioner's entitlement to such a hearing in the Answer.

4. <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS IN PART AND DENIES AND DISMISSES IN PART the Petition. Respondents are ORDERED to provide Petitioner with a *Rodriguez* bond hearing within seven (7) court days of this order.

**IT IS SO ORDERED.**

[1] *See Rodriguez v. Holder*, 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013), *aff'd in part, rev'd in part sub nom*. *Rodriguez v. Robbins*, 804 F.3d 1060 (9h Cir. 2015), *rev'd sub nom*. Jennings v. Rodriguez, 583 U.S. 281 (2018).